USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/25/2024__

UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT C

| | |
|---|---|
| In re Application of<br><br><br>OASIS INVESTMENTS II MASTER FUND LTD.,<br><br><br><br>Petitioner, for an Order Pursuant to 28 U.S.C.<br>§ 1782 to Conduct Discovery for Use in a Foreign<br>Proceeding. | Case No. 23-mc-00131 |

## STIPULATION AND PROTECTIVE ORDER

This stipulation and protective order (the "**Stipulation**") is entered into by and between Petitioner Oasis Investments II Master Fund Ltd. ("**Petitioner**") and Respondents Michael Yoshino, Pleiad Investment Advisors Limited, Pleiad Asia Master Fund, and Pleiad Asia Equity Master Fund (collectively, "**Respondents**") and their undersigned counsel.

IT IS HEREBY STIPULATED AND AGREED BY PETITIONER AND RESPONDENTS (each a "**Party**" and collectively, the "**Parties**"), AND ORDERED BY THE COURT, THAT:

1.      This Stipulation shall govern the handling of all documents (including all "documents" as defined in Fed. R. Civ. P. 34(a)), deposition testimony, discovery responses and other materials, including all copies and excerpts thereof (collectively "**Material**")) produced or provided by Respondents (in such capacity, the "**Producing Party**") in response to a subpoena (or otherwise) in the above-captioned proceeding (the "**1782 Proceeding**").  The Material produced

or provided by Respondents shall be handled in accordance with this Stipulation, and shall be used by the Receiving Party (Petitioner, along with each Cayman Party, as defined below in paragraph 4, that has signed Exhibit A, is a "**Receiving Party**") only in the 1782 Proceeding, in the action pending before the Financial Services Division of the Grand Court of the Cayman Islands (the "**Cayman Court**") commenced by petitions dated March 28, 2022, filed by New Frontier Health Corporation (the "**Company**") and Alpine Partners (BVI) LP, with the heading case numbers  FSD Cause No. 72 & 74 of 2022 (DDJ) (the "**Appraisal Proceeding**", and with the 1782 Proceeding, the "**Actions**"), in related Section 1782 applications brought in connection with the Appraisal Proceeding, or in connection with the taking of discovery from any party who is already the recipient of the Confidential Material, as defined below in paragraph 6, as permitted herein and for no other purpose.

A.      **SCOPE**

2.      No person subject to this Stipulation may disclose such Confidential Material or Highly Confidential Material, as defined below in paragraph 8, to anyone else, except as this Stipulation expressly permits or this Court or a Cayman Islands court so orders.  The protections conferred by this Stipulation cover not only Confidential Material or Highly Confidential Material but also any information copied or extracted from Confidential Material or Highly Confidential Material; all copies, excerpts, summaries, or compilations of Confidential Material or Highly Confidential Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Material or Highly Confidential Material.  For the avoidance of doubt, nothing herein shall prevent or limit Counsel from providing advice to their clients, provided that such advice does not disclose the substance of Confidential or Highly Confidential Material in a manner that would violate this Stipulation.

**B.      DURATION**

3.      Even after final disposition in the Actions, the confidentiality obligations imposed by this Stipulation will remain in effect and will continue to be binding on all persons to whom Confidential or Highly Confidential Material is produced or disclosed until the Producing Party agrees otherwise in writing or a court order otherwise directs.  Final disposition is the later of (1) dismissal of all claims and defenses in the Appraisal Proceeding, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Appraisal Proceeding, including the time limits for filing any motions or applications for extension of time under applicable law.

**C.      DISCLOSURE OF MATERIAL TO THE CAYMAN PARTIES**

4.      Any party in the Appraisal Proceeding (each a "**Cayman Party**" and collectively the "**Cayman Parties**"),[1] that is not a Petitioner may become a Receiving Party and may receive any Material (including both Material designated and not designated as Confidential or Highly Confidential) covered by this Stipulation if counsel for Petitioner provides counsel for the Cayman Party with a copy of this Stipulation and causes the Cayman Party to execute a copy of the certificate in the form attached as Exhibit A to this Stipulation.  Counsel for that Cayman Party will be responsible for holding such executed certificates.  A Cayman Party that becomes a Receiving Party may disclose Confidential Material and Highly Confidential Material only to the extent permitted by paragraphs 7 and 8, respectively, of this Stipulation and in compliance with the procedures set forth therein, and may only use such Material for the purpose of the Appraisal

---

[1] The Cayman Parties include the Company, and all dissenting shareholders in the Appraisal Proceeding other than Petitioner.

Proceeding and only in the Actions.  Respondents are under no obligation to provide any Cayman Party with any Material produced pursuant to this Stipulation.

**D.     DESIGNATION AND GENERAL DISCLOSURE OF MATERIAL**

5.     The Producing Party that designates information or items for protection under this Stipulation must take reasonable care to limit any such designation to specific Material that qualifies under the applicable standards.  Such designation constitutes a representation by the Producing Party that, based on a good faith and reasonable inquiry, the Material qualifies for protection under the applicable standards.  The Producing Party must designate for protection only those parts of Material that qualify so that other portions of the Material for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation.  If it comes to the Producing Party's attention that Material designated for protection does not qualify for that level of protection, the Producing Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.     Material that contains or discloses information that in the good faith judgment of the Producing Party: (i) contains or constitutes nonpublic proprietary or confidential technical, business, financial, personal, or commercial information, or other information the disclosure of which would be detrimental to the interest or conduct of the business of the Producing Party, its clients, and/or any third parties; (ii) contains private or confidential personal information; (iii) is protected by a right to privacy under federal or state law, any other applicable law, or any other applicable privilege or right related to confidentiality or privacy; (iv) is the subject of another confidentiality agreement or obligation, or any other statute, regulation, contract, agreement, rule or applicable law that prevents its disclosure; (v) is the kind of information the Producing Party would not normally reveal to third parties except in confidence, or has undertaken to maintain in confidence; or (vi) is non-public and of a financially-sensitive nature, may be designated by the

Producing Party in good faith as **Confidential Material**, and, where appropriate, redacted by the Producing Party.  All Confidential Material produced by any Producing Party shall bear the legend "Confidential" on each page in addition to an appropriate Bates-stamp designation indicating the Producing Party.

      7.      Confidential Material produced or provided by the Producing Party shall be held by all Receiving Parties and their undersigned counsel in strict confidence.  Unless required by law or court order, or unless agreed otherwise with the Producing Party in writing, such Confidential Material shall not be given, shown, made available or communicated in any way to anyone other than: (i) undersigned counsel for Petitioner and paralegals, legal assistants, technical, administrative and clerical employees, as well as other attorneys or research staff, working under the direct supervision of such counsel, including any outside vendor providing litigation support and photocopying services for such counsel; (ii) attorneys, clerical, paralegal and other staff employed by or working with (including any outside vendor providing litigation support and photocopying services) outside counsel for a Receiving Party for whom access under this paragraph is reasonably necessary to assist with such representation; (iii) in-house counsel for, or a person who otherwise holds an active bar membership in any jurisdiction and is employed by, a Receiving Party (or any of their investment managers, investment advisors, and general or limited partners, as applicable); (iv) any expert or consultant retained by or on behalf of a Receiving Party in connection with the Actions; (v) designated officers, employees, members, investment managers, investment advisors, and general or limited partners, as applicable, of a Receiving Party who are actively involved in and necessary to assist in connection with the Actions; (vi) a recipient of the Confidential Material or attendee at a meeting, or portion of a meeting, in which the Confidential Material was disclosed; (vii) court reporters and their employees presiding over a

deposition or hearing in the Actions; (viii) the presiding court's personnel in any hearing before the Cayman Court or the U.S. District Court in the 1782 Proceeding, respectively; and (ix) any mediator, arbitrator, special master, or settlement officer, and their supporting personnel engaged in connection with the Actions.  Persons listed in subparagraphs (iii), (iv), (v), (vi), and (ix) may be given access to Confidential Material only after counsel for a Receiving Party has provided each such person a copy of this Stipulation and causes each such person to first execute the certificate in the form attached as Exhibit A (except that this requirement does not apply to any currently active judicial officer engaged in connection with (ix)).  Counsel for that Receiving Party shall be responsible for holding executed certificates for all persons to whom that Receiving Party has disclosed Confidential Material under subparagraphs (ii), (iii), (iv), (v), (vi) and (ix).  The Receiving Parties and their undersigned counsel agree not to share any Confidential Material with any other individuals or entities other than those listed in provisions (i), (ii), (iii), (iv), (v), (vi), (vii), (viii) and (ix) above.  Upon written request from the Producing Party, counsel for Petitioner shall provide the requesting Producing Party with copies of any and all executed certificates held by Petitioner and by counsel to all Receiving Parties to whom Petitioner provided Material, within ten (10) calendar days of such request.

8.      Certain Confidential Material ("**Highly Confidential Material**") may be designated "Highly Confidential, For Professional Eyes Only" if the Producing Party in good faith believes that such Confidential Material contains or constitutes trade secrets, the dissemination of which to all categories of persons in paragraph 7 would create a substantial risk of harm to the Producing Party or any of its affiliates, subsidiaries, and/or clients, such that protections beyond those afforded by paragraph 7 are necessary.  The persons listed in paragraphs 7(i), 7(ii), 7(iii), 7(vii) and 7(viii) shall be allowed access to Highly Confidential Material consistent with the

requirements set forth in paragraph 7.  The persons listed in paragraphs 7(iv), 7(vi) and 7(ix) shall be allowed access to Highly Confidential Material only after counsel for a Receiving Party has provided each such person a copy of this Stipulation and causes each such person to first execute the certificate in the form attached as Exhibit A hereto (except that this paragraph does not apply to any currently active judicial officer engaged in connection with paragraph 7(ix) or any persons who have already signed Exhibit A in accordance with the procedure in paragraph 7 above). Counsel for that Receiving Party shall be responsible for holding such executed certificates.  Each Receiving Party may designate two persons who meet the requirements of paragraph 7(v) and who are personally involved in the management of the Actions to access Highly Confidential Material. Such persons shall be notified in writing to counsel to the Producing Party, and may be replaced at any time by a Receiving Party in its sole discretion on further written notification to counsel to the Producing Party.  In the event a Receiving Party replaces one of the two designated persons meeting the requirements of paragraph 7(v), the replaced designee shall no longer be granted access to Highly Confidential Material and shall certify in writing to counsel for such Receiving Party that she/he has complied with the destruction procedures set forth in paragraph 17 of this Stipulation.  Any other person listed in paragraph 7(v) shall be given access to Highly Confidential Material only if one of the following conditions is satisfied: (i) the Material was produced by the current employer of the person; (ii) the person initially created, sent or received such Material, is indicated on the face of the document as being aware of the contents of such Material, or, in the case of meeting minutes, is indicated as being an attendee of such meeting; (iii) the Producing Party consents in writing to such access, which shall not be unreasonably withheld; or (iv) this Court or the Cayman Court orders such access.  When a person listed in paragraph 7(v) is granted access to the Highly Confidential Material pursuant to either of the foregoing two sentences,

counsel for the Receiving Party who grants such access shall ensure that such person has executed the certificate in the form attached as Exhibit A hereto and counsel for that Receiving Party shall be responsible for holding such executed certificates.  Highly Confidential Material shall bear the legend "Highly Confidential, For Professional Eyes Only" on each page.  Confidential and Highly Confidential Material must be stored and maintained by a Receiving Party at a location and in a commercially reasonable manner sufficiently secure to ensure that access is limited to the people authorized under this Stipulation.

9.      The Producing Party's failure to designate Confidential Material as "Confidential" or "Highly Confidential, For Professional Eyes Only" at the time of production or ten (10) calendar days after Respondents receive a copy of the final version of the deposition transcript may be remedied by a supplemental written notice to counsel for Petitioner sent within a reasonable time, who in turn will notify all other Receiving Parties in possession of such Confidential or Highly Confidential Material within a reasonable time.  Upon receiving such written notice, all Receiving Parties shall thereafter treat the designated materials as so designated in accordance with the terms of this Stipulation.  The designation of a document or information as Confidential Material or Highly Confidential Material is without prejudice to the right of any Receiving Party to challenge in this Court such designation as provided in paragraph 14 of this Stipulation.

E.      **USE OF MATERIALS IN THE APPRAISAL PROCEEDING**

10.     Nothing in this Stipulation will prevent any Receiving Party from relying on or using Confidential or Highly Confidential Material at trial, or at a hearing or other proceeding in the Appraisal Proceeding in compliance with all agreed and ordered procedures applicable in the Appraisal Proceeding, provided however, that prior to using any of the Producing Party's Confidential or Highly Confidential Material in a public filing, at trial or a hearing or other proceeding in the Appraisal Proceeding, or in any other manner in the Appraisal Proceeding by

which such Material could be publicly disclosed, such Receiving Party will provide the Producing Party at least fourteen (14) calendar days' written notice of the specific Bates ranges of the Material that the Receiving Party seeks to use in such filing, or at such trial, hearing or proceeding, or in such other manner, so that the Producing Party will have the opportunity to apply to the Cayman Court in the Appraisal Proceeding for an order to restrict public disclosure of such Materials. Nothing herein precludes this Court from considering the rulings by the Cayman Court regarding the disclosure of Confidential or Highly Confidential Material in connection with any dispute regarding the disclosure of Confidential or Highly Confidential Material. Notwithstanding paragraph 21 of this Stipulation, all questions related to the manner in which Confidential Material or Highly Confidential Material could be publicly disclosed in a public filing, at a trial, hearing or other proceeding, or in any other manner where such material could be publicly disclosed in the Appraisal Proceeding, shall be heard and resolved only by the Cayman Court.

11.     In the event that the Producing Party files a request with the Cayman Court for any further protection concerning the use of Confidential Material or Highly Confidential Material in the Appraisal Proceeding, any Receiving Party wishing to use such Confidential Material or Highly Confidential Material shall not use the Confidential Material or Highly Confidential Material in question in a manner inconsistent with this Stipulation unless and until the Cayman Court rules on the Producing Party's application for an order to restrict public disclosure, or as otherwise agreed by the Producing Party.

12.     For avoidance of doubt, any ruling of the Cayman Court on the Producing Party's application for further protections of Confidential or Highly Confidential Material in the Appraisal Proceeding or in a related 1782 Proceeding shall not in any way impact the designation of such Material in the 1782 Proceeding or in any other context. In the event the Cayman Court denies

any such application brought by the Producing Party seeking additional protections for the Confidential or Highly Confidential Material sought to be used in the Appraisal Proceeding in any public filing, at any trial, hearing or proceeding, or in any other manner by which such Material could be publicly disclosed, that ruling shall not impact the designation of such Material outside the limited context of such use.  In all other contexts, all Receiving Parties shall continue to treat the Confidential or Highly Confidential Material as Confidential or Highly Confidential (however designated) as defined in this Stipulation.

## F.    CHALLENGING DESIGNATIONS

13.    No Receiving Party shall be obligated to challenge the propriety of a confidentiality designation, and failure to do so shall not preclude a subsequent challenge to such designation.  If, in good faith, any Receiving Party objects to the designation or treatment of any specific Confidential Material or Highly Confidential Material, the Receiving Party shall so state by letter to counsel for the Producing Party.  Counsel for the Receiving Party and counsel for the Producing Party shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of the specified Confidential Material or Highly Confidential Material.  In the event that the Producing and Receiving Parties are unable to resolve any dispute concerning the treatment of such Confidential Material or Highly Confidential Material, the Receiving Party shall file an application with this Court, under seal, challenging the designation of such Confidential Material or Highly Confidential Material.  In its application to this Court, the Receiving Party shall identify the specific documents to which it objects as well as the basis for its objection as to each document. This stipulation shall not alter the burden of proof or persuasion in any such proceeding.  Pending determination of such application, the challenged Confidential Material or Highly Confidential Material shall continue to be treated in accordance with its original designation.  Only Receiving Parties shall have the ability to challenge any Confidential or Highly Confidential designation, or

any other designation, including privilege, work product, or other statutory or legal protections asserted by the Producing Party, and shall do so, if at all, in this Court.  A Receiving Party reserves the right to seek its reasonable costs and attorneys' fees incurred in challenging a designation, and the Producing Party reserves the right to oppose any such application.  The Producing Party, in turn, reserves the right to seek reasonable costs and attorneys' fees incurred in opposing any such challenges or in seeking or responding to any other form of relief against or sought by a Receiving Party in connection with this Stipulation, and the Receiving Parties reserve the right to oppose any such application.

## G.    INADVERTENT PRODUCTION

14.    The Parties agree that inadvertent production or provision of Material that is attorney-client privileged, work product under the Federal Rules of Civil Procedure or any other applicable law, or otherwise privileged, immune, or protected from disclosure by any statute, regulation, or law ("**Privileged Material**"), shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine or other applicable privilege, immunity, or protection.  In the event that any Privileged Material is inadvertently produced or provided that the Producing Party later claims is Privileged Material, any Receiving Party who received such Privileged Material shall use all commercially reasonable efforts promptly to destroy or return to the Producing Party all copies of the same to counsel for the Producing Party within seven (7) calendar days of written notice and also comply with reasonable requests of the Producing Party for handling such Privileged Material.  This paragraph is without prejudice to the right of any Receiving Party to challenge in this Court the Producing Party's assertion of any claim that such Material is Privileged Material.

**H.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER ACTIONS.**

15.     If any Receiving Party is served with a legally binding demand (e.g., subpoena, document request, order, interrogatory, or civil investigative demand) (collectively, a "**Demand**") issued in any other action, investigation or proceeding in any jurisdiction and such Demand seeks materials designed as Confidential or Highly Confidential under this Stipulation, the Receiving Party shall give prompt written notice of such Demand within five (5) calendar days of receipt of the Demand to the Producing Party.  The Receiving Party receiving the Demand shall object to the production of such materials on the grounds of the existence of this Stipulation and shall not produce such materials unless the Receiving Party is served with an order from any court or administrative agency of competent jurisdiction directing that the Demand be complied with.  In the event the party issuing the Demand files a motion seeking the disclosure of such material, the Receiving Party shall immediately provide written notice to the Producing Party at the time such motion is filed to permit the Producing Party a reasonable opportunity to defend the designation and otherwise respond to the motion.  It shall be the burden of the Producing Party and not the burden of the Receiving Party that received the Demand to seek a protective order or other court relief from production.

**I.     MISCELLANEOUS**

16.     Except as provided otherwise by any subsequent order of the Court, within forty-five (45) calendar days after receiving notice of entry of an order, judgment or decree finally disposing of the Appraisal Proceeding (including appeals), or as otherwise agreed by all Parties, all Receiving Parties in possession of Material shall use all commercially reasonable efforts to return all Material, including all copies, summaries and excerpts thereof, to counsel for the Producing Party, or destroy them.  If the Material is destroyed, counsel for the Receiving Party

shall, within seven (7) calendar days following such destruction, certify in writing to counsel for the Producing Party that all such Material within its possession, custody, or control has been destroyed.  Notwithstanding the foregoing, counsel for the Receiving Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product that include or refer to the Material, provided that such counsel, and employees of such counsel, shall not disclose any Material in such court papers, deposition or trial transcripts or attorney work product to any person or entity, except pursuant to Court order or written agreement with the Producing Party or use such Material for any purpose.

17.     Notwithstanding any provision contained herein, nothing in this Stipulation shall restrict in any way the right of the Producing Party to make use of its own Material in any way it deems fit.

18.     This Stipulation shall be deemed effective as to each Party, its attorneys, agents, and representatives, upon execution by all Parties.  When effective, this Stipulation applies to any Material provided prior to and after its execution.

19.     This Stipulation shall remain binding after the conclusion of the 1782 Proceeding and the Appraisal Proceeding.

20.     Except as set forth herein, the Court shall have exclusive and sole jurisdiction over the interpretation and enforcement of this Stipulation.  Except as provided in Paragraph 11 of this Stipulation, any dispute concerning this Stipulation, including but not limited to a dispute between the Producing Party and a Receiving Party, shall be heard in the United States District Court for the Southern District of New York.

21.      The terms of this Stipulation shall not be modified except upon written stipulation by counsel for the Parties, or by Order of this Court.

**STIPULATED AND AGREED:**

Dated:  March 21, 2024

/s/ Brianna Hills Simopoulos
Duane L. Loft
Brianna Hills Simopoulos
Mark C. Davies
PALLAS PARTNERS (US) LLP
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300
Duane.Loft@pallasllp.com
Brianna.Simopoulos@pallasllp.com
Mark.Davies@pallasllp.com

*Attorneys for Petitioner*

/s/ Jacob M. Kaplan
Jacob M. Kaplan
BAKER & MCKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Telephone: (212) 891-3896
jacob.kaplan@bakermckenzie.com

*Attorneys for Respondents*

SO ORDERED.

Dated:  March 25, 2024
          New York, New York

_____
ANALISA TORRES
United States District Judge

*EXHIBIT A*

**CERTIFICATE OF ACKNOWLEDGMENT**

The undersigned hereby acknowledges that it/he/she has read the Stipulation and Protective Order entered into between the Parties dated _____, in the proceeding captioned *In Re Oasis Investments II Master Fund Ltd.*¸ No. 23-mc-00131 (S.D.N.Y.), understands and agrees that it/he/she shall abide by the terms thereof, and consents to the jurisdiction of the United States District Court for the Southern District of New York to adjudicate any dispute related to or arising out of the Stipulation.  Nothing herein shall be construed as subjecting the undersigned to the general personal jurisdiction of the United States District Court for the Southern District of New York.


Date: _____



By:  _____

Title: _____

Employer: _____